UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAVID RHODES, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 2:10-CV-02848-LSC |
| | ] |
| THOMPSON TRACTOR CO., INC., | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

The Court has for consideration Defendant's Motion to Enforce Settlement Agreement and to Dismiss Case. (Doc. 27.) The Court heard argument and received evidence from the parties at a hearing on September 22, 2011. After full consideration of the argument and evidence presented, the Court finds as follows:

1. On August 9, 2011, Plaintiff and Defendant mediated this case with Mike Quinn acting as mediator. The parties reached an agreement in principle to settle the case, and Plaintiff knowingly and voluntarily signed a mediation agreement outlining the terms of the parties' settlement.

2. Plaintiff's counsel, Allen Arnold, advised Plaintiff at the mediation that he did not give tax advice and Plaintiff should seek tax advice elsewhere.

3. Counsel for the parties subsequently drafted and revised a final written settlement agreement and release, entitled "General Release and Settlement Agreement."

4. On August 16, 2011, Plaintiff signed the General Release and Settlement Agreement in the presence of his attorney at Allen Arnold's office.  Plaintiff signed the General Release and Settlement Agreement knowingly and voluntarily.

5. Counsel for Defendant delivered the settlement checks to Plaintiff's counsel on August 17, 2011.

6. Plaintiff argued that the General Release and Settlement Agreement should not be enforced because he was incorrectly told by his attorney that a portion of the proceeds would not be taxed. However, Plaintiff did not seek tax advice before he signed the General Release and Settlement Agreement on August 16, 2011. Moreover, Plaintiff admitted at the hearing that he is seeking to set aside the General Release and Settlement Agreement not because

of tax concerns, but because he is worried about the effects of potential income on his receipt of Social Security benefits. Plaintiff received a fully favorable ruling from the Social Security Administration regarding his disability claim on or after September 20, 2011.

Plaintiff has not shown any reason to set aside the terms of the General Release and Settlement Agreement. It is clear to the Court that the General Release and Settlement Agreement is due to be enforced. Accordingly, Defendant's Motion to Enforce is GRANTED. In accordance with the terms of the General Release and Settlement Agreement, the above-entitled cause will be dismissed with prejudice by separate order.

The parties' agreement does not include a provision for the payment of costs; it merely states that Plaintiff agrees to stipulate to the dismissal with prejudice of this lawsuit. Accordingly, the Court finds that the payment of costs was figured in the amounts agreed upon in settlement, and costs will be taxed as paid.

Done this <u>14th</u> day of <u>October 2011</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297